**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Michael Aguilar, | No. CV-23-00264-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

Pending before the Court are pro se Plaintiff Michael Aguilar's Motion to Extend Time for Seeking Leave to Move to Join Additional Parties or to Amend Pleadings (Doc. 61), Motion for Order Compelling Discovery (Doc. 62), Motion for Sanctions in Deterring Future Misconduct and the Denial of Disclosure and Discovery by Opposing Counsel (Doc. 72), Motion for Sanctions from Inadequate Response to Interrogatories (Doc. 73), Motion for Determination of Sufficiency of Defendant Perko's Response to Plaintiff's Request for Admissions (Doc. 74), and Motion for Appointment of Pro Bono Counsel to Assist with the Limited-Purpose of Discovery (Doc. 85). Also pending is Defendant Stephen Perko's Motion to Amend or Correct Answer to Amended Complaint. (Doc. 63.) The Court will address each motion in turn.

## I. Plaintiff's Motion to Extend Time for Seeking Leave to Move to Join Additional Parties or to Amend Pleadings

On May 17, 2024, Plaintiff filed a motion asking the Court to modify its Scheduling Order (Doc. 42) to permit Plaintiff to join additional parties or amend his

First Amended Complaint after he receives Defendant's response to his interrogatories. (Doc. 61 at 1.) Defendant filed his Response on May 28, 2024 (Doc. 70), and Plaintiff filed his Reply on June 10, 2024 (Doc. 78). Defendant objects to the extension because, he argues, Plaintiff lacks good cause. (Doc. 70 at 1.) Defendant emphasizes that Plaintiff filed his First Amended Complaint on July 14, 2023, was personally present for the incident described in Count III, and identified all individuals who were involved by name in his First Amended Complaint although he only named Defendant Perko as a party. (*Id.* at 1–2.)

The Court set the deadline to amend or join parties for May 20, 2024. (Doc. 42 at 1.) It advised the parties that it would not otherwise entertain such motions unless a party shows good cause. (*Id.* (citing Fed. R. Civ. P. 16(b)(4)).) Federal Rule of Civil Procedure 15 explains that "a party many amend its pleading only with the opposing party's written consent or the court's leave" if the time for amended has expired (i.e., 21 days after serving the pleading). Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Furthermore, the Court may modify its Scheduling Order "only for good cause . . . ." Fed. R. Civ. P. 16(b)(4).

Plaintiff has not made a showing of good cause to seek to extend the deadline to amend the First Amended Complaint or join additional parties. He has not alleged that anything in the interrogatories would reveal additional parties, nor has he alleged that he lacks necessary knowledge to have amended or added parties in the more than ten months since he filed his First Amended Complaint. It appears he mainly seeks to have certain witnesses, namely Nurse June and Officer Escalera, deposed to obtain further evidence for his claim of excessive force in Count III. (*See* Doc. 78 at 5–6.) Accordingly, the Court will deny Plaintiff's Motion to Extend Time for Seeking Leave to Move to Join Additional Parties or to Amend Pleadings.

**II.    Plaintiff's Motion for Order Compelling Discovery**

Also on May 17, 2024, Plaintiff filed a Motion for Order Compelling Discovery. (Doc. 62.) Defendant responded on May 28, 2024 (Doc. 69) and Plaintiff replied on June

10, 2024 (Doc. 79). Plaintiff asserts that Defendant did not timely respond to Plaintiff's first set of interrogatories and asks the Court to compel a response under Federal Rule of Civil Procedure 37. (Doc. 62 at 7.) Defendant objects to the Motion because he argues it was premature. (Doc. 69 at 1.) He highlights that Plaintiff filed the Motion to Compel on May 17, 2024 even though Defendant's responses to his interrogatories were not due until May 20, 2024. (*Id.*) Moreover, Defendant timely responded to the discovery request on May 20, 2024. (Doc. 64.)

The Court will deny Plaintiff's Motion to Compel as moot. Defendant timely served discovery in response to Plaintiff's interrogatories. (Doc. 64.) Furthermore, the Court emphasizes that Federal Rule of Civil Procedure 37 requires a party to confer, or attempt to confer, in good faith with the party that failed to make the disclosure or discovery *prior* to moving for an order compelling discovery. Fed. R. Civ. P. 37(a)(1).

### III. Plaintiff's Motion for Sanctions in Deterring Future Misconduct and the Denial of Disclosure and Discovery by Opposing Counsel

On May 28, 2024, Plaintiff moved for the Court to impose sanctions on Defendant for his alleged "fail[ure] to serve answers to interrogatories and . . . fail[ure] to participate in good-faith in developing discovery." (Doc. 72 at 1.) Defendant responded on June 11, 2024 (Doc. 77) and Plaintiff replied on June 24, 2024 (Doc. 84).

Plaintiff alleges that Defendant failed to respond to his interrogatories within thirty days. (Doc. 72 at 3.) After conferring in good faith with the party that allegedly failed to answer interrogatories, a party may file a motion for sanctions. Fed. R. Civ. P. 37(d)(1). However, here, Plaintiff does not appear to have made any good faith attempt to confer and resolve the dispute with Defendant. More importantly, the Court explained in the previous section that Defendant timely served answers to the interrogatories on May 20, 2024. Accordingly, Plaintiff's Motion for Sanctions regarding the alleged failure to serve answers to his interrogatories is not warranted and will be denied.

///

///

**IV.    Plaintiff's Motion for Sanctions from Inadequate Response to Interrogatories**

On June 3, 2024, Plaintiff moved for sanctions because, he argues, Defendant inadequately responded to his interrogatories. (Doc. 73.) Defendant responded on June 17, 2024 (Doc. 81) and Plaintiff replied on July 8, 2024 (Doc. 87).

Plaintiff asserts that Defendant objected to seven of the nine interrogatories. (Doc. 73 at 2.) He argues that this equates to a complete failure to respond, warranting sanctions under Federal Rule of Civil Procedure 37(d)(1). (*Id.* at 2–3.) Defendant responds that Plaintiff cannot seek sanctions because he did not make any attempt to confer with Defendant or resolve the dispute prior to filing his motion. (Doc. 81 at 1.) Furthermore, Defendant argues that Rule 37(d)(1)(ii) only provides for sanctions if the party "fails to serve its answers, objections, or written response." (*Id.* at 2 (quoting Fed. R. Civ. P. 37(d)(1)(ii)).) Because Defendant filed answers and objections, he asserts that sanctions are not warranted. (*Id.*)

The Court will deny Plaintiff's Motion for Sanctions regarding Defendant's alleged failure to adequately answer interrogatories. First, Plaintiff did not show that he attempted to confer in good faith with Defendant to resolve this dispute before he moved for sanctions. Fed. R. Civ. P. 37(d)(1)(B). Second, simply objecting to an interrogatory is not a complete failure to respond. A responding party has the option to answer the interrogatory or provide a specific objection in lieu of an answer. Fed. R. Civ. P. 33(b)(3)–(4). The Court does not have before it Defendant's response or objections to individually consider. If, after conferring with Defendant and attempting to resolve this issue *without* the Court's intervention, Plaintiff still seeks the Court's ruling on the validity of Defendant's objections, he may file a discovery dispute motion. LRCiv 7.2(j). The Court outlined this procedure in its Scheduling Order. (Doc. 42 at 2.) If he chooses to file a discovery motion, Plaintiff must explain with specificity the interrogatory, Defendant's objection, and his objection to Defendant's response. *See* Fed. R. Civ. P. 33(b)(4). Having denied the motion, the Court will not address further Plaintiff's arguments for awarding costs and fees under Rule 37(a)(5)(A). (*See* Doc. 73 at 7–10.)

## V.    Plaintiff's Motion for Determination of Sufficiency of Defendant Perko's Response to Plaintiff's Request for Admissions

On June 5, 2024, Plaintiff filed a motion asking the Court to determine whether Defendant's response to his request for admissions was sufficient under Federal Rule of Civil Procedure 36. (Doc. 74.) Defendant filed his response (Doc. 82) and Plaintiff replied (Doc. 86).

Plaintiff avers that he served fifteen requests for admission on Defendant, and Defendant objected to twelve, denied two, and admitted to one. (Doc. 74 at 2.) The only specific request for admission and objection that Plaintiff includes for the Court is Request for Admission No. 1. (*Id.* at 12.) It read, "Admit the initial information you received from PCACD POD IG Officer Escalera on June 2, 2022, in incident No. 220603002, was Michael Aguilar had stated as nonessential the medical examination for chest pains Mr. Aguilar had discussed with Officer Escalera." (*Id.*) He further states that Defendant responded, "Objection, relevance vague as to time and substance, ambiguous, and calls for speculation. Without waiving these or any other objections, Defendant is unable to admit or deny because he had no conversations with CO Escalera on June 2, 2022." (*Id.* at 12–13.) Plaintiff argues that Defendant cannot refuse to admit or deny this fact because the information was reasonably available to Defendant and because Defendant is selectively choosing to have a bad memory. (*Id.* at 13.)

In his Response, Defendant argues (1) Plaintiff did not follow LRCiv 7.2(j) by not conferring with Defendant prior to filing a motion regarding a discovery dispute, and (2) Rule 36 does not authorize a court to determine the veracity of a response to a request for admission. (Doc. 82 at 1–3.) Defendant avers that he answered truthfully and argues that Plaintiff cannot involve the Court because he "either does not like or believe Perko's responses." (*Id.* at 2.) He quotes *Ranger Ins. Co. v. Culberson*, 49 F.R.D. 181, 182–83 (N.D. Ga. 1969), saying that "Rule 36 was not designed to discover facts; it was designed to circumscribe contested factual issues in a case, whether crucial or not, so that issues which were disputed might be clearly and succinctly presented to the trier of facts." (*Id.* at 3.) Defendant argues that this is not a discovery dispute but rather evidence of the fact

that the parties have two different versions of the facts that should be resolved at trial. (*Id.*)

The Court will deny Plaintiff's motion without prejudice because he did not comply with the Court's Scheduling Order (Doc. 42) or the Local Rules. As the Court previously explained, LRCiv 7.2(j) requires Plaintiff to make a good faith effort to confer with Defendant and resolve discovery disputes *before* filing a discovery motion with the Court. (*Id.* at 2.) If, after conferring in good faith, Plaintiff wishes to file a discovery motion specifically outlining each request for admission and objection he takes issue with, he may do so.

Plaintiff also argues in his Reply that a grant of default judgment is warranted because, he asserts, Defendant has committed misconduct by not complying with discovery requirements. (Doc. 86 at 1,5.) He argues for default judgment as a sanction. (*Id.* at 5–6.) The Court will not assess this issue because it was raised for the first time in a reply. Fed. R. Civ. P. 55(b)(2) ("In all other cases, the party must apply to the court for a default judgment.") Issues raised in a reply do not afford the opposing party the opportunity to respond. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). If Plaintiff wishes to make argument that the Court should grant default judgment under Federal Rule of Civil Procedure 55, he may file a separate motion.

## VI.    Plaintiff's Motion for Appointment of Pro Bono Counsel to Assist with the Limited Purpose of Discovery

On July 1, 2024, Plaintiff requested the Court appoint counsel. (Doc. 85.) Defendant did not respond. Plaintiff argues that the Court should appoint counsel to assist him in discovery because Defendant has failed to properly conduct discovery. (*Id.* at 10.) He further argues, "[t]he Court must recognize Plaintiff does, in fact, have his work cut out for him and finds himself within an exceptionally daunting set of circumstances requiring the appointment of counsel for the purpose of uncovering what was done to Mr. Aguilar on June 2, 2022." (*Id.* at 13.)

The Court has previously considered Plaintiff's requests to appoint counsel and denied them because Plaintiff has not demonstrated that exceptional circumstances exist.

(Docs. 41, 48.) The second of these motions similarly requested counsel for the limited purpose of discovery. (Doc. 47.) As the Court noted in denying that motion,

> Plaintiff does not present exceptional circumstances for the appointment of counsel, even for the limited purpose to assist with discovery . . . . The Court understands Plaintiff's concerns and acknowledges that every unrepresented party could benefit in some way from the appointment of counsel, in particular those who are incarcerated and have limited access to resources. But whether one could benefit from the assistance is, unfortunately, not the standard. The Court simply does not have the resources to appoint counsel in every case of an unrepresented prisoner litigating a civil rights claim against a corrections officer where the litigant wants experienced assistance to carry out effective depositions and investigations.

(Doc. 48 at 2–3.) The Court's assessment applies equally here, as Plaintiff has not presented any new evidence of exceptional circumstances. He argues that Defendant has failed to properly conduct discovery, but, as the Court addresses throughout this Order, there is not sufficient evidence at this time that (1) Defendant has not complied with his discovery obligations, and (2) that the discovery issues are so complex that Plaintiff is unable to articulate his objections. As the Court stated previously, "The Federal Rules of Civil Procedure set forth the procedures for discovery in a civil case and Plaintiff, through his previous motions, has demonstrated an ability to understand legal rules and clearly articulate his arguments." (*Id.* at 3.) Indeed, the Court in this Order has addressed several motions from Plaintiff arising from the Federal Rules governing discovery. Accordingly, the Court will deny Plaintiff's motion for counsel without prejudice.

**VII.   Defendant's Motion to Amend or Correct Answer to Amended Complaint**

On May 20, 2024, Defendant moved to amend his Answer. (Doc. 63.) Plaintiff did not file a response. However, he filed a Motion to Strike Defendant Stephen Perko's Amended Answer (Doc. 71), which, before the Court could rule, Plaintiff voluntary withdrew (Doc. 83). Plaintiff originally moved to strike because he had not yet received a

copy of the Amended Answer due to a delay in processing mail at the jail. (Doc. 71 at 2.) He also argued that Defendant should not be allowed to amend his answer without having complied with the discovery requirements and then reiterated much of his arguments from other motions regarding discovery and sanctions. (*See id.* at 3–5.) However, on June 24, 2024, Plaintiff withdrew his Motion to Strike after having received the proposed Amended Answer, and he does not appear to otherwise object to the proposed amendments. (Doc. 83.)

Defendant seeks to amend the Answer because it was filed by previous counsel and current counsel believes it requires more specificity and affirmative defenses. (Doc. 63 at 1–2.) Defendant filed his Answer on March 14, 2024. (Doc. 39.) On April 22, 2022, he filed a Notice of Attorney Substitution who, within a month, sought to amend the Answer. (Docs. 53, 63.)

Federal Rule of Civil Procedure 15(a)(2) allows a party to seek the court's leave to amend a pleading. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "[T]his policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). However, the party must nonetheless satisfy Federal Rule of Civil Procedure 16(b)'s "good cause" standard. Fed. R. Civ. P. 16(b)(4). Where there is good cause, the Court should also consider if there is any "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the party has previously amended his pleadings." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted).

The Court has reviewed the lodged Amended Answer. (Doc. 63-2.) The biggest amendment is the inclusion of affirmative defenses where none were raised in the Answer. (*Id.*) The Court finds that Defendant has demonstrated good cause, that he acted in good faith, and that there was no undue delay by explaining that new counsel took over shortly after the Answer was filed and moved to file an Amended Answer quickly once counsel identified affirmative defenses. Defendant did not seek to amend previously, and amendment would not be futile as it is important for Plaintiff that Defendant notice any affirmative defenses he may raise. Finally, there is no prejudice to Plaintiff if the Court

permits the proposed Amended Answer. Plaintiff does not object to the Amended Answer and, because no dispositive motions have yet been filed, the Amended Answer will not delay the procedure of Plaintiff's case. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (finding district court did not clearly err in allowing defendant to amend answer to include affirmative defense where defendant offered "substantial competent evidence to explain the delay" after new counsel was substituted shortly after the answer was filed and amendment would cause no delay to the proceedings). Accordingly, the Court will grant Defendant's Motion to Amend.

## VIII. Conclusion

For the foregoing reasons, **IT IS ORDERED:**

(1) Plaintiff's Motion to Extend Time for Seeking Leave to Move to Join Additional Parties or to Amend Pleadings is **DENIED**. (Doc. 61.)

(2) Plaintiff's Motion for Order Compelling Discovery is **DENIED AS MOOT**. (Doc. 62.)

(3) Plaintiff's Motion for Sanctions in Deterring Future Misconduct and the Denial of Disclosure and Discovery by Opposing Counsel is **DENIED**. (Doc. 72.)

(4) Plaintiff's Motion for Sanctions from Inadequate Response to Interrogatories is **DENIED**. (Doc. 73.)

(5) Plaintiff's Motion for Determination of Sufficiency of Defendant Perko's Response to Plaintiff's Request for Admissions is **DENIED WITHOUT PREJUDICE**. (Doc. 74.)

(6) Plaintiff's Motion for Appointment of Pro Bono Counsel to Assist with the Limited-Purpose of Discovery is **DENIED WITHOUT PREJUDICE**. (Doc. 85.)

///

///

///

///

- 9 -

(7) Defendant's Motion to Amend or Correct Answer to Amended Complaint is **GRANTED**. (Doc. 63.) The Clerk of Court shall file the document lodged at Doc. 63-2 on the docket.

Dated this 22nd day of July, 2024.

 

 

_____

Honorable Raner C. Collins
Senior United States District Judge