**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Aguilar,<br><br>    Plaintiff,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>    Respondents. | No. CV-23-00264-TUC-RCC<br><br>**ORDER** |

Pending before the Court are pro se Plaintiff Michael Aguilar's Motion for Leave to Depose Witnesses (Doc. 88), Motion to Extend Time to Disclose Witness List (Doc. 90), Motion for Leave to Undertake Officer Escalera's Deposition via Written Questions (Doc. 96), Motion of Plaintiff's Avoidal [sic] in Disclosure of Witness List to Opposing Counsel via Mailbox Rule (Doc. 97), and Motion to Enlarge Time for Completion of Discovery (Doc. 98). Defendant Stephen Perko has also filed a Motion for Summary Judgment (Doc. 99) and a Motion to Stay the Proceedings and Deadlines Set in Scheduling Order (Doc. 101).

**I.      Motion for Leave to Depose Witnesses and Motion for Leave to Undertake Officer Escalera's Deposition via Written Questions**

Plaintiff filed this Motion for Leave to Depose Witnesses on July 12, 2024. (Doc. 88.) Defendant responded on July 25, 2024. (Doc. 94.) Plaintiff did not file a reply, and the time to do so has expired. However, on August 5, 2024, Plaintiff filed a Motion for Leave to Undertake Officer Escalera's Deposition via Written Depositions addressing the same

issues. (Doc. 96.) The Court will consider these two motions together and construe Plaintiff's Motion for Leave to Undertake Officer Escalera's Deposition via Written Depositions as a reply to Defendant's Response.[1]

Plaintiff seeks leave to depose Sergeant Thomas Frazier, Officer D. Moises, Officer Escalera, Nurse Thomas, Nurse June, Officer Acuna, Sergeant Patel, Ross Kaplowitch, and Stephen Perko. (Doc. 88 at 1–2.) Defendant does not oppose the depositions of Sergeant Frazier, Officer Moises, Nurse Thomas, Nurse June, and Former Officer Perko (himself). (Doc. 94 at 1.) He emphasizes, however, that it is Plaintiff's burden to pay for these depositions. (*Id.*) Defendant objects to deposing Officer Acuna, Officer Escalera, Sergeant Patel, and Ross Kaplowitch because the depositions are irrelevant and because Plaintiff lacks good cause. (*Id.*)

Under the Federal Rules of Civil Procedure, discovery is limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Accordingly, a party may object to a deposition notice on the grounds that the deposition is an attempt to elicit only privileged or irrelevant information. *See id.*

Although Plaintiff did not file a reply, he argues in his Motion for Leave to Undertake Officer Escalera's Deposition via Written Depositions that he seeks Officer Escalera's testimony because it is relevant to his assertions that he was unnecessarily transported to the medical unit where the alleged excessive force occurred on June 2, 2022. (*See* Doc. 96.) In his First Amended Complaint, Plaintiff alleges that Officer Escalera was on duty in his unit on June 2, 2022 and Officer Escalera asserted that Plaintiff said he was experiencing chest pains. (Doc. 7 at 9.) Accordingly, a deposition of Officer Escalera could reasonably result in relevant information for Plaintiff's Count III claim of excessive force.

Plaintiff did not file a reply or otherwise make argument as to why depositions of Officer Acuna, Sergeant Patel, and Ross Kaplowitch are relevant. In his First Amended

---

[1] District Courts may interpret filings in a way that "create[s] a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 382–83 (2003).

Complaint, Plaintiff alleges that Officer Acuna oversaw the disciplinary hearing that resulted when several corrections officers filed complaints against Plaintiff for his behavior outside the medical unit on June 2, 2022. (*Id.* at 15.) He also alleges that, in relation to the incident on June 2, 2022, he filed professional conduct complaints against the officers with the Pima County Sheriff's Department through Sergeant Patel. (*Id.* at 14.) He makes no allegations that either Officer Acuna or Sergeant Patel was present on June 2, 2022 or are likely to have any information regarding the incident that Plaintiff does not have himself. Furthermore, Plaintiff made no allegations that the Court can discern regarding Ross Kaplowitch. Thus, the Court finds that Plaintiff may not depose Officer Acuna, Sergeant Patel, and Ross Kaplowitch because these depositions are likely to only elicit irrelevant information outside the scope of discovery set by Federal Rule of Civil Procedure 26(b)(1).

For these reasons, the Court will grant Plaintiff's Motion for Leave to Depose Witnesses in part and grant his Motion for Leave to Undertake Officer Escalera's Deposition via Written Depositions.

### II. Motion to Extend Time to Disclose Witness List, Motion of Plaintiff's Avoidal [sic] in Disclosure of Witness List to Opposing Counsel via Mailbox Rule, and Motion to Enlarge Time for Completion of Discovery

On July 12, 2024, Plaintiff filed a Motion to Extend Time to Disclose Witness List. (Doc. 90.) Defendant responded on July 25, 2024. (Doc. 95.) Plaintiff did not reply and the time to do so has passed. Instead, on August 5, 2024, Plaintiff filed a "Motion of Plaintiff's Avoidal [sic] in Disclosure of Witness List to Opposing Counsel via Mailbox Rule" (Doc. 97) and a Motion to Enlarge Time for Completion of Discovery (Doc. 98). Defendant opposes extending the time to disclose witnesses and discovery because, he argues, Plaintiff has not shown good cause given that he has been aware of who was present on June 2, 2022 since he filed his First Amended Complaint on July 14, 2023. (Doc. 95.)

First, the Court will deny as moot Plaintiff's "Motion of Plaintiff's Avoidal [sic] in Disclosure of Witness List to Opposing Counsel via Mailbox Rule." (Doc. 97.) In the motion, Plaintiff states that he mailed his request to extend the deadline to disclose a

witness list. (*Id.*) Accordingly, Defendant's objection to his notice of depositions on the basis that Plaintiff had not disclosed a witness list is unwarranted. (*Id.*) The Court is in receipt of that request (Doc. 90) and simply had not ruled on it because it was awaiting Plaintiff's reply. Because this Order allows additional time to disclose the witness list, Plaintiff's "Motion of Plaintiff's Avoidal [sic] in Disclosure of Witness List to Opposing Counsel via Mailbox Rule" is moot.

The Court will grant Plaintiff's pending extension requests. Plaintiff shall have until **Friday, November 1, 2024 to disclose a witness list** to be used at trial. All **discovery** shall be completed by **Monday, December 2, 2024**. The discovery limits outlined in the Court's Scheduling Order remain in effect. (Doc. 42 at 2.) The Court advises the parties, however, that will not delay this litigation with further discovery extensions absent extraordinary circumstances.

### III.   Motion for Summary Judgment and Motion to Stay

On August 8, 2024, Defendant filed a Motion for Summary Judgment (Doc. 99) and a Motion to Stay the Proceedings and Deadlines Set in Scheduling Order and to Prohibit All Other Filings Unrelated to Defendant Perko's Motion for Summary Judgment (Doc. 101).

#### A.  *Wyatt* Notice

The Ninth Circuit requires the Court to provide notice to a pro se litigant when a party files a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. *Wyatt v. Terhune*, 315 F.3d 1108, 1114 n.6 (9th Cir. 2003). This section serves to alert Plaintiff that, on this date, the Court is issuing a separate order notifying Plaintiff of his specific rights and responsibilities pursuant to *Wyatt*. While ordinary Plaintiff would have thirty (30) days from the *Wyatt* notice to file a response to the Motion for Summary Judgment, given the complex discovery schedule issues addressed in this Order, the Court will **extend the deadline for Plaintiff to file his response to the Motion for Summary Judgment**, together with copies of grievances, sworn declarations or other admissible evidence, no later than Thursday, **January 2, 2025**.

### B. Motion to Stay

In the interest of judicial economy, Defendant asks the Court to "stay the proceedings, all Scheduling Order deadlines, and prohibit the parties from filing new documents with the Court that are unrelated to the [Motion for Summary Judgment] until after the [Motion for Summary Judgment] has been decided by the Court." (Doc. 101 at 2.) The Court will deny Defendant's Motion to Stay because, as fully outlined in this Order, the Court is extending the discovery deadline to permit Plaintiff ample time to depose the appropriate individuals prior to responding to Defendant's Motion for Summary Judgment. **However, to facilitate expeditious discovery, if Plaintiff seeks to file further discovery motions *prior* to the new discovery deadline, he must first seek leave of the Court outlining (1) the specific discovery issue and (2) what relief he seeks.** *See* **Fed. R. Civ. P. 37.**

### IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that:

(1) Plaintiff's Motion for Leave to Depose Witnesses is **GRANTED IN PART and DENIED IN PART**. (Doc. 88.) Plaintiff may depose Sergeant Thomas Fraizer, Officer D. Moises, Officer Escalera, Nurse Thomas, Nurse June, and Defendant Perko.

(2) Plaintiff's Motion to Extend Time to Disclose Witness List is **GRANTED**. (Doc. 90.) Plaintiff must disclose his witness list on or before **Friday, November 1, 2024**.

(3) Plaintiff's Motion for Leave to Undertake Officer Escalera's Deposition via Written Questions is **GRANTED**. (Doc. 96.)

(4) Plaintiff's Motion of Plaintiff's Avoidal [sic] in Disclosure of Witness List to Opposing Counsel via Mailbox Rule is **DENIED AS MOOT**. (Doc. 97.)

(5) Plaintiff's Motion to Enlarge Time for Completion of Discovery is GRANTED. (Doc. 98.) All **discovery** shall be completed by **Monday, December 2, 2024**.

(6) Defendant's Motion to Stay the Proceedings and Deadlines Set in Scheduling Order is **DENIED**. (Doc. 101.) However, if Plaintiff seeks to file further discovery motions *prior* to the new discovery deadline, he must first seek leave of the Court outlining (1) the specific discovery issue and (2) what relief he seeks.

Dated this 9th day of August, 2024.

_____
Honorable Raner C. Collins
Senior United States District Judge